This cause and matter came on to be heard upon the motion of the appellee herein to dismiss the appeal filed herein by the appellant, above named, under date of July 13, 1942, from an order made by the Tax Commissioner under date of June 16, 1942, which denied an application theretofore filed by the appellant taxpayer for a final assessment for the tax year 1939 on appellant's inventories of alcoholic or spirituous liquors which it had returned for taxation in said year; which motion to dismiss said appeal was predicated on the stated ground that the Board of Tax Appeals has no jurisdiction to hear the same.
This cause was heard upon said motion, upon the appeal to which, the motion was directed, upon the transcript and files of the Tax Commissioner relating to the assessment made on said property of the appellant for the year 1939 and to the order of the Tax Commissioner denying appellant’s application for a final assessment of this property for said year, and upon the arguments and briefs of counsel.
Upon consideration thereof the Board of Tax Appeals finds that on or about March 1, 1939, the appellant, an Ohio corporation having taxable property which it was required to list in more than one county of the state, made a combined tax return to the then Tax Commission of Ohio in which tax return appellant listed, among other property, its several inventories of alcoholic or spirituous liquors in the taxing districts of Cleveland, Cincinnati, Columbus, Canton and Toledo, respectively; which inventories were therein returned as having an aggregate true value of $248,302.00, but which were listed for taxation by the taxpayer in and by said return at 50% of the true value of appellant’s liquors so inventoried and returned.
The Board further finds that thereafter on August 14, 1939, the Tax Commissioner as the successor of the Tax Commission of Ohio; made an audit of appellant’s said tax return for the year 1939 and upon such audit listed and assessed appellant’s several inventories of liquors in the several taxing districts aforesaid at the true value *91 of such liquors as returned by the taxpayer and at said time issued assessment certificates reflecting the assessed value of such liquors to the county auditors of the several counties in which said several taxing districts were located, copies of which tax certificates were then and there forwarded to the taxpayer.
The Board further finds that although the action or the Tax Commissioner under date of August 14, 1939, in assessing the several inventories of liquors returned by appellant in its tax return for said year at the true value of such liquors and in issuing assessment certificates therefor on the true value of such liquors was an order which was subject to appeal under the then provisions of §5394 GC, the appellant did not within the thirty days limited by said section or at any other time file an appeal with the Board of Tax Appeals from this assessment order made by the Tax Commissioner. As to this the Board finds, however, that on September 22, 1939, the appellant, acting under the assumed authority of the then provisions of §5395 GC, filed with the Tax Commissioner an application for a final assessment with respect to the liquors theretofore assessed by The Tax Commissioner by his order and certificates under date of August 14, 1939; in which application for final assessment the appellant requested a finding as to its right to a refund on taxes paid by it on that part of said respective inventories which represented bailment stock and which appellant claimed was nontaxable. Appellant in said application for final assessment further requested the Tax Commissioner to assess the balance of its inventories of liquor returned by it for said year at 50% of the true value thereof in money on the stated ground that such liquors were held by it as a manufacturer for purposes of rectification. The Board finds that on June 16, 1942, the Tax Commissioner by journal entry under said date denied the appellant’s application for final assessment on the stated ground that he was without authority to issue such final assessment. On July 13, 1942, the appellant filed its appeal from this order of the Tax Commissioner; and it is this appeal which is now before the Board upon the motion of the appellee to dismiss such appeal.
As to this the Board finds that although §5395 GC, as the same provided at the time appellant’s application for final assessment was filed, authorized the Tax Commissioner to issue final assessments with respect to preliminary or corrected assessments which had not been appealed to the Board of Tax Appeals, there is nothing in the provisions of said section as it then read or as later amended which in terms requires the Tax Commissioner to issue final assessments on intangible or personal property theretofore assessed by preliminary or corrected tax certificates, either on the application of the taxpayer or otherwise. And the Board further finds under the provisions of said section of the General Code that the only right of appeal to the taxpayer therein provided for is from a final assessment actually issued by the Tax Commissioner, and then only from a deficiency assessment made against the taxpayer in and by such final assessment; and no right of appeal is given by this section of the General Code or otherwise with respect to the order of the Tax Commissioner denying the application of a taxpayer for the issuance of a final assessment with respect to property previously assessed by the Tax Commissioner by *92 preliminary or corrected certificate.
For the reasons herein stated the Board finds that there was and is no authority in law for the filing of the appeal here in question; and the motion of the appellee to dismiss the same is, accordingly, hereby sustained, and said appeal is hereby dismissed.
I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken with respect to the above matter.
HARRY J. ROSE, Secretary.