*194
 
 By the Court.
 

 The' single question presented by the record is whether the Board of Tax Appeals was [n error in dismissing the appeal on the ground of a want of jurisdiction.
 

 The appellants contend that their claim should have been heard upon its merits by the Board of Tax Appeals or referred by it to the proper authority within the Department of Taxation for the issuance of final assessment certificates under and by virtue of Sections 5377 and 5395, General Code (115 Ohio Laws, 562 and 570), as then-in effect.
 

 , Any right of review must be found in the statutes. An examination of the provisions of Section 5394, General Code (115 Ohio Laws, 569), as in effect at that time, discloses that a remedy was available to the appellants at the time the .preliminary assessments were made find taxes paid. It specifically provides that “within thirty days after the mailing of such notice such taxpayer may appeal to. the commission from the assessment so made.”
 

 The so-called “petition on appeal” was not filed until nearly sixteen months after the' mailing of the certificate of assessment. The appellants not having-perfected their appeal within thirty days, the Board of Tax Appeals, under the statutory provisions above cited, had no jurisdiction to hear or consider their claim.
 

 ■The appellants urge that their “petition on appeal” be treated as an application for final assessment certificates and contend that such final certificates should have been issued by virtue of the provisions of Section 5395, General Code (115 Ohio Laws, 570), as then in effect, and that the claim of appellants should have been referred to the Department of Taxation for the issuance of such certificates.
 

 
 *195
 
 Assessments became final in one of two ways — either by lapse of time, under Section 5377, General Code (115-Ohio Laws, 562), where no appeal had been taken within the time prescribed by Section 5394, General Code (115 Ohio Laws, 569), or by the issuance of such final certificates under and by virtue of the provisions ■of Section 5395, General Code (115 Ohio Laws, 570). Those provisions, however, were permissive and not mandatory. They did not provide a substitute for appeal or relieve the taxpayer from the consequences of failure to perfect an appeal.
 

 The Board of Tax Appeals could not properly make a new order that would effect a restoration of the right of appeal to the appellants. It must be concluded, therefore, that for failure of' timely appeal the assessments in question have become final and the Board of Tax Appeals has no authority to grant refunds or •exercise further jurisdiction in the matter. It follows that the action of the Board of Tax Appeals was neither unreasonable nor unlawful and its decision is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell .and Turner, JJ., concur.
 

 Williams, J., not participating.