By the Court.
 

 Assuming, but not deciding, that appellant had a right of appeal, the question is whether the decision of the Board of Tax Appeals dismissing the appeal for the years 1933 to 1940, inclusive, was unlawful.
 

 Appellant states: ‘ ‘ Our contention is that the finding of the Tax Commissioner is the letter of September 24, 1940, and that our appeal before the Board of Tax Appeals was filed within the time required by law. ’ ’
 

 We are of opinion that the letter was not a final order and that the Board of Tax Appéals properly dis
 
 *178
 
 regarded it. There is no showing that the Division of Intangible Tax or the employee thereof who signed the letter had been assigned such duties pursuant to Section 1464-3 (12), General Code (118 Ohio Laws, 346), as would authorize the vacation of the orders of July 29, 1940, made by the Tax Commissioner.
 

 Section 1464-3 (13), General Code (118 Ohio Laws, 348), at the time in question, required the Tax Commissioner to “maintain a journal * * * in which he shall keep a record of all of his proceedings upon every action taken by him. * •*
 

 Clearly the letter of September 24, 1940, which does not appear to have been journalized, did not have the effect of vacating the amended assessments made by the Tax Commissioner on July 29, 1940, which the record shows to be the last action taken by the commissioner in respect to the assessments of appellant’s personal property for the years 1933 to 1940, inclusive.
 

 As appellant’s appeal to the Board of Tax Appeals for those years was not perfected within the limitation prescribed at that time, we are of the opinion that the decision of the Board of Tax Appeals dismissing the appeal is not unlawful and should be and hereby is affirmed. The appeal for the year 1932 is not before us.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.
 

 Williams, J., not participating.