Bell, J.
 

 At the outset it should be made perfectly clear that the question of the taxability of the “hypothecated deposits” is not before the court. The Board of Tax Appeals found that such deposits were not taxable and no claim of error is predicated upon that finding.
 

 The questions for decision in cases Nos. 29991 and 29992 as set forth by the appellant are as follows:
 

 “Did the Board of Tax Appeals act illegally or abuse its discretion in making its determination that (1) the Tax Commissioner had jurisdiction to hear and grant the applications filed by the taxpayer on March 30, 1943, when the taxpayer had not appealed from the order of the Tax Commissioner with respect to the assessments made in 1942 and 1943 [sic], and if he did not (2) it had the power to and did make an abatement in the absence of the determination of the Tax Commissioner of the amount of the refund?”
 

 We shall first direct our attention to the question of jurisdiction.
 

 The appellant insists that these cases are controlled by Sections 5394, 5395 and 5611, General Code.
 

 Section 5394, General Code, provides the procedure for a review by the Tax Commissioner, where a tax assessor assesses any item or class of taxable property listed in a return by the taxpayer in excess of the value or amount thereof as so listed or without allowing a claim duly made for deduction from net book value of accounts receivable, or depreciated book value of personal property used in business.
 

 
 *184
 
 Section 5395, General Code, provides the procedure for the making of a final assessment by the Tax Commissioner and the duty of the county auditor in respect thereto.
 

 Section 5611, General Code, provides for a hearing by the Board of Tax Appeals from a final determination or order by the Tax Commissioner.
 

 We fail to discern the applicability of those sections to the factual situations here presented. There were no final assessments in the instant cases.
 

 The General Assembly, by the passage of Section 1464
 
 et seq.,
 
 General Code (118 Ohio Laws, 344), abolished the Tax Commission of Ohio and created the Department of Taxation.
 

 Section 1464-1, General Code, defines the powers and duties of the Board of Tax Appeals.
 

 Section 1464-3, General Code, reads in part as follows :
 

 “All other powers, duties and functions of the Department of Taxation, other than those mentioned in Sections 1464-1 and 1464-2 of the General Code, are hereby vested in and assigned to, and shall be performed by the Tax Commissioner, which powers, dutiés and functions shall include, but shall not be limited to the following powers, duties and functions:
 

 “2. To exercise the authority provided by law relative to remitting or refunding taxes or assessments, including penalties and interest thereon, illegally or erroneously assessed or collected, or for any other reason overpaid except as provided in paragraph 9, Section 1464-1 of the General Code; and, in addition to the authority so provided by law, the Tax Commissioner shall have authority as follows:
 
 On written application of any person, firm or corporation claiming to have overpaid to the Treasurer of State, at any time ivithin.
 
 
 *185
 

 five years prior to the making of such application but not prior to January 1, 1938, any tax payable under any law whwh the Department of Taxation is required to administer, or on his own motion, to investigate the facts and to make, in triplicate, a written statement of his findings; and, if he shall find that there has been an overpayment, issue, in triplicate, a certificate of abatement, payable to the taxpayer or his or its assigns or legal representative and showing the amount of the overpayment and the kind of tax overpaid.”
 
 (Italics ours.)
 

 The tax payments here involved were made to the Treasurer of State.
 

 This court had occasion to consider Section 1464-3, General Code, in the case of
 
 Ohio Bell Telephone Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 254, 51. N. E. (2d), 718. At page 257, Judge Williams, writing the opinion, said:
 

 “Under Section 1464-3, General Code, and within the limitations prescribed therein, the Tax Commissioner has authority to remit or refund taxes ‘illegally or erroneously * * * collected or for any other reason overpaid.’ ”
 

 That pronouncement is dispositive of the question of jurisdiction. The Board of Tax Appeals was correct in holding that the Tax Commissioner had jurisdiction to hear and determine the applications for abatement and refund.
 

 The appellant however contends that the cases of
 
 Leimbach et al., Trustees,
 
 v.
 
 Evatt, Tax Commr.,
 
 141 Ohio St., 191, 46 N. E. (2d), 859, and
 
 Willys-Overland Motors, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 141 Ohio St., 402, 48 N. E. (2d), 468, are controlling here upon the question of jurisdiction. We do not think so. In those cases the factual situations were unlike the situation here presented and different statutes were under consider
 
 *186
 
 ation. The conclusions there reached are not inconsistent with our present holdings.
 

 The appellant further contends that the Board of Tax Appeals was without authority to make an order of refund or remission of personal property taxes.
 

 Section 1464-1, General Code, grants power to the Board of Tax Appeals, "5. to exercise the authority provided by law to hear and determine all appeals * * * including appeals from
 
 any
 
 tax assessment, valuations, determinations, findings, computations or orders made by the Tax Commissioner or correction or redetermination made by him ® (Italics ours.)
 

 The
 
 Niles Bank Company
 
 and
 
 Spit&er-Rorick Trust & Savings Bank cases
 
 were submitted to the Board of Tax Appeals upon agreed statements of fact. In those cases, there being no dispute as to the facts, by virtue of the provisions of Section 1464-1, General Code (above quoted), the Board of Tax Appeals had authority to enter the order which the Tax Commissioner should have entered.
 

 In the
 
 First National Bank of Cincinnati case,
 
 it being agreed that the matter was submitted upon the jurisdictional question only, the Board of Tax Appeals reversed the finding and order of the Tax Commissioner and remanded the cause with instructions to entertain and consider the application.
 

 We are of opinion that the conclusion reached by the Board of Tax Appeals in each of the four cases was correct and therefore reasonable and lawful and that each of such decisions should be and hereby is affirmed.
 

 Decisions affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents.