**FIFTH THIRD UNION TRUST COMPANY, Appellant, v. GLANDER, TAX COMMR., Appellee.**

Board of Tax Appeals.

No. 10813. July 22, 1946.

626

Graydon, Head and Ritchey, Cincinnati, for appellant.

Hugh S. Jenkins, Attorney General of Ohio, Columbus, and Daronne R. Tate, Assistant Attorney General, Columbus, for appellee.

## ENTRY

This cause came on for hearing upon the action of the tax commissioner in denying appellant's application for a certificate of abatement of certain intangible taxes which the appellant claims to have erroneously overpaid. This cause was submitted upon the transcript of the proceedings before the tax commissioner, the evidence, and briefs of counsel.

The facts in this case are undisputed and are accurately set forth in the brief of counsel for the appellee as follows:

"At all times mentioned herein the appellant The Fifth-Third Union Trust Company was a financial institution within the meaning of §5407 GC. When it filed its 1942 return of taxable property it failed to include therein among its taxable deposits a deposit of $1,275,358.81 belonging to Cincinnati Metropolitan Housing Authority. When the return was audited it was determined that the aforementioned deposit should have been included in said institution's taxable deposits. By reason thereof the Tax Commissioner made an additional tax assessment as more fully appears from his assessment certificate dated April 21, 1943. Thereupon appellant filed an ap-

plication with the Tax Commissioner for review and redetermination which he denied on August 19, 1943. An appeal was then prosecuted to this Board which was docketed as proceeding No. 7,511. This appeal was disposed of by the Board's entry dated March 15, 1945 and the action of the Tax Commissioner in making aforesaid additional assessment was sustained. Thereupon appellant prosecuted an appeal to the Supreme Court and the cause was assigned No. 30,339. However, on May 2, 1945 appellant voluntarily dismissed said appeal in that court.

"On April 19, 1945 the Supreme Court decided the case of **First Central Trust Co. v Evatt, 145 Oh St 160.** It was held therein that deposits of Housing Authorities were required to be returned for taxation by financial institutions. Consequently this case disposed of the precise question that had theretofore been raised by appellant. This situation therefore resulted in the dismissal of the appeal which had been perfected to the Supreme Court.

"On February 7, 1945 the Supreme Court decided the case of **C. F. Kettering, Inc., v Evatt, 144 Oh St 419** in which it was held that certain types of deposits of foreign corporations (deposits therein determined to be general reserves or balances within the purview of §5328-1 and 5328-2 GC) were not required to be included in the base for the computation of the Ohio franchise tax to be collected from foreign corporations. Thereafter appellant made an examination of its aforesaid 1942 return of taxable property and concluded that it had included therein as taxable deposits certain deposits aggregating $1,600,304.33. That by reason of the aforementioned Kettering case said deposits were in fact non-taxable deposits.

"It is disclosed by the Tax Commissioner's order in this proceeding dated October 3, 1945 that no dispute exists as to the aggregate amount of the deposits which had theretofore been determined by the appellant to be non-taxable deposits. However, the Tax Commissioner determined that he was without jurisdiction to issue the certificate of abatement sought by appellant by reason of the alleged overpayment of taxes. This conclusion was reached because an appeal had previously been taken to this Board as will more fully appear from the record of its proceedings in aforementioned case No. 7,511."

The sole question in this case is whether the tax commissioner had jurisdiction to grant the certificate of abatement requested. It is quite clear that the doctrine of res adjudicata does not apply to this case. **Sec. 5394, GC,** provides in part as follows:

628

"Wherever the assessor shall assess any property not listed in or omitted from a return, or whenever the assessor shall assess any item or class of taxable property listed in a return by the taxpayer in excess of the value or amount thereof as so listed, or without allowing a claim duly made for deduction from the net book value of accounts receivable, or depreciated book value of personal property used in business, so listed, the assessor shall give notice thereof to the taxpayer by mail. Within thirty days after the mailing of such notice such taxpayer may make application in writing to the tax commissioner for review and redetermination of the assessments so made."

In this case the taxes in question had been voluntarily paid by appellant and, therefore, under the above statute, it could not have included the question of the taxability of the deposits herein involved in its application for review and redetermination in the prior proceeding. Neither could it have raised said question in the former appeal to this Board or in its appeal to the Supreme Court, which was dismissed.

Sec. 1464-3 GC, provides that the tax commissioner shall have the power, duty and function inter alia to "exercise the authority provided by law relative to remitting or refunding taxes or assessments, including penalties and interest thereon, illegally or erroneously assessed or collected, or for any other reason overpaid except as provided in paragraph 9, §1464-1 GC; and, in addition to the authority so provided by law, the tax commissioner shall have authority as follows: On writen application of any person, firm or corporation claiming to have overpaid to the treasurer of state, at any time within five years prior to the making of such application but not prior to January 1, 1938, any tax payable under any law which the department of taxation is required to administer, or on his own motion, to investigate the facts and to make, in triplicate, a written statement of his findings; and, if he shall find that there has been an overpayment, issue, in triplicate, a certificate of abatement, payable to the taxpayer or his or its assigns or legal representative and showing the amount of the overpayment and the kind of tax overpaid." This section provided the only remedy which the appellant had with respect to the payment of the taxes erroneously assessed against it on the deposits here in question. The taxes assessed on these deposits were voluntarily paid by the appellant; and, obviously, it could not have recovered such taxes by civil action under the provisions of §12075 et seq., GC. See

Swetland Co. v Evatt, 139 Oh St 6. Moreover, even if the tax commissioner, acting under the authority of §5395 GC, and within the time prescribed by law, had issued a final assessment with respect to the taxes against the appellant for the tax year 1942, any finding made by the tax commissioner as to an "excess" item of taxes paid by the appellant by reason of its payment of taxes on the deposits here in question, could be made effective by way of relief to the appellant on and with respect to such overpayment of taxes, only by the issuance of a certificate of abatement as provided for by §1464-3, GC. See §5395 GC.

The appellant, if it had seen fit, could have made an application for this certificate of abatement prior to the decision of the Court in the case of C. F. Kettering, Inc. v Evatt, supra; or it could have made such application at any time within 5 years after the payment by it of the taxes on the deposits here in question. The record shows that this application for a certificate of abatement was made by appellant within the five year limitation prescribed by §1464-3, GC, and after it was judicially determined that deposits of this kind are not taxable. The fact that the appellant appealed from the tax commissioner's determination of an application for review and redetermination as theretofore filed by the appellant on and with respect to an additional assessment made against it on deposits of the Cincinnati Metropolitan Housing Authority,—in which appeal the question herein involved could not be raised—, does not, in our opinion, deprive the tax commissioner of the authority and duty to issue to the appellant a certificate of abatement for and with respect to taxes erroneously assessed and paid on deposits of foreign corporations of the kind and character above referred to. In this connection it is noted that the Supreme Court of this state seems to be committed to the view that an erroneous or illegal collection of taxes constitutes an "overpayment" of taxes within the meaning of §1464-3, GC, above quoted. Ohio Bell Telephone Co. v Evatt, 142 Oh St 254, 258. And in the case of Niles Bank Co. v Evatt 145 Oh St 179, the Court held:

"On written application of any taxpayer claiming to have overpaid to the Treasurer of State at any time within five years prior to the making of such application, a tax payable under a law which the Department of Taxation is required to administer, it becomes the mandatory duty of the Tax Commissioner to investigate the facts in connection with such claim and, if he shall find that there has been an overpayment to issue to the taxpayer a certificate of abatement.

"Upon an appeal from an order of the Tax Commissioner denying, upon jurisdictional grounds, an application for a tax refund filed in conformity with §1464-3, GC, the Board of Tax Appeals, by virtue of the provisions of §1464-1 GC, has authority to reverse such order, and where the facts are not in dispute, to enter the order which the Tax Commissioner should have entered."

In that case the payment was made under protest. However, §1464-3 GC, does not make this a condition precedent to the right to a certificate of abatement. It was apparently the intention of the legislature that the State should not retain any money to which it is not justly entitled.

The Board finds that the tax commissioner should have considered said application for abatement; and that since the facts in this case are undisputed, the tax commissioner should have issued the same.

It is, therefore considered and ordered that the action of the tax commissioner complained of be, and the same hereby is, reversed; and that a certificate of abatement of the amount of taxes overpaid on the admittedly untaxable deposits above referred to be issued by the tax commissioner to the appellant, and that copies thereof be certified and transmitted by him as provided in §1464-3, GC.