WELSH ET AL., APPELLANTS, *v.* KOSYDAR, TAX COMMR.,
APPELLEE.

(No. 7105—Decided June 6, 1973.)

*Messrs. Bierce, Holland, Manning, Metz & Wilson* and
*Mr. Bruce H. Wilson,* for appellants.

*Mr. William J. Brown,* Attorney General, and *Mr. Don
S. McAuliffe,* for appellee.

EMMONS, J. This cause comes before the court upon an
appeal "from an 'entry' and judgment rendered by the
Board of Tax Appeals * * * on the 6th day of November,
1972."

The Notice of Appeal before the board reads:

"The appellants, John and Genevieve Welsh, hereby give Notice of Appeal from the denial of their application for review and redetermination which denial resulted in a preliminary assessment against appellants made on October 20, 1970, becoming a final assessment in accordance with Ohio Revised Code, Section 5711.25 on August 15, 1972, to the Board of Tax Appeals in the Department of Taxation of the state of Ohio. Notice of such denial was received by appellants on July 6, 1972, and is embodied in a letter dated July 3, 1972, which is copied and attached to this Notice. [Deletion of copy by the Court.]

"Such final assessment, valuation, determination, finding, computation or order is erroneous in that prior to the preliminary assessment issued to the appellants, an amended personal property tax return was submitted in proper form to the Tax Commissioner accompanied by good and sufficient reasons showing that the personal property of the appellants was not subject to taxation as had earlier been reported. Appellants have, therefore, been denied the opportunity so far to contest the legality of the assessment in question."

The facts are that: (1) the appellants, on or about June 30, 1970, caused to be prepared and filed a "County Return of Taxable Property"; (2) among the various items listed for taxation were 794,200 shares of Sensormatic Electronics Corporation common stock (unproductive); (3) on October 20, 1970, a tax bill was forwarded to the appellants showing tax due on these shares amounting to $11,633.04; (4) on June 16, 1972, counsel for the appellants, by letter, requested a review and redetermination of the tax assessed only against these shares of common stock, and enclosed an amended return, which omitted only the stock in question; (5) in reply to this letter, one Lawrence R. Miller, of the legal department of the Ohio Department of Taxation, indicated there was no provision for the filing of an amended personal property tax return.

It is to be noted that there was no final assessment certificate made and issued by the Tax Commissioner, and the only determination of the right to amend the preliminary assessment was the announcement made by the afore-

said Miller in a letter, wherein he stated: "moreover, there is no provision for filing an amended personal property tax return."

This conclusion, admittedly, was not a final order, yet it was something upon which to base an appeal, whether it be right or wrong. The Board of Tax Appeals claimed that, since such was not a final order, it had no jurisdiction to pass upon the appeal. This appeal was made within thirty days after the preliminary assessment had become a final assessment as a matter of law.

The assignments of error are as follows:

"1. The Board of Tax Appeals erred in denying the appellant-taxpayers a hearing, claiming it had no jurisdiction to hear and determine an appeal based upon a preliminary assessment certificate which had become final in accordance with Revised Code Section 5711.25, on the second Monday of August of the second year after filing a county return of taxable property.

"2. The Tax Commissioner erred in failing to issue a final assessment, order or determination thus depriving the appellant-taxpayers of their property without due process of law."

The court did not consider the second assignment of error for the reason that the conclusion reached concerning the first assignment is dispositive of the second.

In the opinion of this court, there are two ways for an appeal to be had from the decision, order, or finding of the Tax Commissioner:

1. Through the filing of a notice of appeal with the Board of Tax Appeals within thirty days from the final order of the Tax Commissioner; or

2. Through the filing of a notice of appeal with such board within thirty days after the second Monday of August of the second year from the filing of the original return.

If the Tax Commissioner fails to issue a final order, there is no jurisdiction on the part of the board to hear the appeal. To circumvent this situation, the law provides that if the Tax Commissioner issues no final assessment, then, by the operation of law, this preliminary assessment

becomes a final one on the second Monday of August of the second year after the filing of the tax return. The appellants filed their original return on June 30, 1970, so on the second Monday of August, 1972, the preliminary assessment would become final by operation of law. A final order is one which settles the rights of parties respecting the subject matter and which concludes them until reversed or set aside.

All agree, as we have already indicated, that the Tax Commissioner did not make a final order; the appellants only opportunity for a review and redetermination by the Board of Tax Appeals was to wait until the preliminary assessment became a final assessment by operation of law.

It is claimed that once a personal property tax return is made, it cannot be amended.

R. C. 5717.02 provides, in part:

"Appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments * * * may be taken to the board of tax appeals by the taxpayer * * *."

R. C. 5717.04, provides, in part:

"Appeals from decisions of the board of tax appeals determining appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments * * * may be instituted * * *. "

R. C. 5711.25 provides, in part:

"* * * The commissioner shall transmit to the auditor any *amended* assessment certificate issued by him * * *. Each preliminary assessment certificate, and if *amended* such preliminary assessment certificate as last *amended*, shall become final on the second Monday of August of the second year after the filing of a return * * *." (Emphasis supplied.)

If, as stated by Lawrence Miller, the preliminary return cannot be amended, then, why is the word "amended" used throughout the sections above quoted? To say that such cannot be done would defeat the ends of justice. Here, a man and wife mistakenly declare a number of shares of unproductive stock, with the honorable intention to pay tax that they may owe. Thereafter, it is brought to their

attention that these shares are not subject to tax, and they request the right to amend their return by deleting therefrom the Sensormatic stock. Lawrence Miller, speaking for the Tax Commissioner, says that such return cannot be amended.

If the Tax Commissioner was unwilling to review the taxpayers' amended return, he should have issued a final order to that effect, thus allowing the taxpayers to pursue their proper remedy at law by the filing of a timely notice of appeal with the Board of Tax Appeals. He didn't do that. Without giving credence to R. C. 5711.25, or recognizing its effect, the Board of Tax Appeals affirmed the Tax Commissioner's policy of inaction by refusing to take jurisdiction for want of the final order which the Tax Commissioner would not issue. The return was still open and the Tax Commissioner was not likely to issue any final order after the preliminary assessment certificate became final. How utterly arbitrary and capricious can one get?

All of us have difficult times paying federal, state, and local income taxes; sales, gasoline, cigarette, liquor, real property and intangible taxes; and a number of hidden taxes. Yet, where one mistakenly lists an item on his personal property tax return, and the Department of Taxation states that he is bound thereby and cannot amend, it amounts to the taking of property wrongfully and without due process of law. The law was never meant to do such.

In the case of *Pittsburgh Steel Co.* v. *Bowers* (1960), 172 Ohio St. 14, 16, 17, 18, Judge Matthias stated:

"The single question raised by this appeal is whether the Board of Tax Appeals had jurisdiction to review the order of the Tax Commissioner. The board found, inasmuch as the Tax Commissioner refused to issue a final assessment certificate * * * it had no jurisdiction to review the order of the Tax Commissioner. * * *

"The Attorney General urges that if the taxpayer had thought this property exempted from the tax it should have omitted it from the return in the first instance. Such an argument begs the question. At the time of filing the return, the taxpayer, having no reason to consider it other than

taxable property, in good faith included it in its return. Due to subsequent interpretations of the tax statutes by this court, the taxpayer concluded that it was in error and made application for the deletion of such property from its return. Such application was filed with the Tax Commissioner, the officer upon whom the primary duty to make such a determination rests, at a time when the taxpayer's return was still open, no final assessment having been made by the Tax Commissioner and none having arisen by the operation of law. * * *

"* * * So long as such return was open for the Tax Commissioner to make a final assessment, it was equally open for the taxpayer to seek corrections therein as to property which subsequent legal developments caused it to believe it had improperly included in the first instance."

It is clear, in the cited case, that the Supreme Court gave a clear interpretation of the law by stating that a preliminary return can be amended before a final assessment is made, and that an appeal, to the Board of Tax Appeals, can be made within thirty days from the date of the final order of the Tax Commissioner; that, as in the instant case, where there has been no final assessment made by the Tax Commissioner, the preliminary assessment made by the Tax Commissioner becomes final by operation of law, and an appeal then can be made to the Board of Tax Appeals within thirty days from the second Monday of August of the second year after the filing of the original or preliminary return.

It is the court's conclusion that the Tax Commissioner erred in failing to issue a final assessment or a final order from which the appellants, in the instant case, could have appealed to the Board of Tax Appeals; that, in failing to do so, the preliminary order became final by operation of law and the Board of Tax Appeals erred in denying the appellants a hearing on the ground that the board had no jurisdiction to hear and determine an appeal based upon a preliminary assessment certificate, when, in fact, the preliminary certificate became final by operation of law.

The decision of the Board of Tax Appeals is, therefore,

reversed, and the cause is remanded to the Board of Tax Appeals for further proceedings according to law.

*Decision reversed and cause remanded.*

DOYLE, P. J., and HUNSICKER, J., concur.

DOYLE, HUNSICKER and EMMONS, JJ., retired, assigned to active duty pursuant to Section 6(C), Article IV of the Constitution.