MICHELIN TIRE CORP., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 74-20—Decided June 19, 1974.)

*Messrs. Mayer, Tingley, Hurd & Emens, Mr. Shelby V. Hutchins* and *Mr. Robert J. Sidman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dwight C. Pettay, Jr.,* for appellee.

*Per Curiam.* The sole question raised herein is whether, under the facts of this case, the Board of Tax Appeals erred in holding that it lacked jurisdiction to entertain appellant's appeal. R. C. 5717.02 defines the appellate jurisdiction of the Board of Tax Appeals, in pertinent part, as follows:

"Appeals from final determinations by the Tax Commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by him may be taken to the Board of Tax Appeals by the taxpayer * * *."

It is appellant's contention that when the amended preliminary assessment made by the Tax Commissioner for tax year 1971 became final, pursuant to R. C. 5711.25, it also became appealable under R. C. 5717.02. We disagree.

R. C. 5717.02 specifically provides that in order for a tax assessment to be appealable, it must represent the Tax Commissioner's final determination thereof. Stated differently, the statute provides for an appeal from a final determination of the commissioner, not from an assessment per se. This interpretation is consonant with the fact that a

preliminary assessment may be modified by the commissioner at any time within the period prescribed by R. C. 5711.25, subject to certain exceptions stated therein. For our purposes, the third of those exceptions is significant:

"* * * [each preliminary assessment certificate, or amended certificate as last amended, shall become final by operation of law unless]

"(C) An application for review and redetermination of the assessment represented thereby has been filed pursuant to Section 5711.31 of the Revised Code. * * *"

R. C. 5711.31 prescribes a 30-day period within which a taxpayer may* request and receive, as of right, a review and redetermination of any complained of assessment which has been made by the assessor (*i. e.*, the Tax Commissioner or county auditor). Most important here is the second paragraph of that statute, which provides:

"*The decision of the commissioner* upon such application for review or redetermination *shall be final with respect to the assessment of all taxable property listed in the return of the taxpayer and shall constitute* TO THAT EXTENT THE FINAL DETERMINATION OF THE COMMISSIONER WITH RESPECT TO SUCH ASSESSMENT; neither this section nor a final judgment of the Board of Tax Appeals or any court to which such final determination may be appealed shall preclude the subsequent assessment in the manner authorized by law of any taxable property which such taxpayer failed to list in such return, or which the assessor has not theretofore assessed." (Emphasis and double emphasis ours.)

From a consideration of the foregoing statutes, it is our judgment that in order to procure an appealable, final determination from the Tax Commissioner, as to a preliminary or amended preliminary certificate wherein the assessor has assessed property not contained in a taxpay-

---

*Appellant suggests that use of the word "may" in R. C. 5711.31 leaves to the taxpayer's discretion whether to seek a "review and redetermination" by the commissioner, and consequently implies that a taxpayer cannot be prejudiced by the choice not to seek such a review. This assertion is indeed novel, albeit without merit.

er's return, it is necessary for the taxpayer to seek a "review and redetermination" pursuant to R. C. 5711.31. The effect of R. C. 5711.25 in finalizing assessment certificates is akin to a statute of limitations, and does not represent a "final determination by the Tax Commissioner," as those words are used in R. C. 5717.02.

Appellant, by raising a series of hypothetical questions, seeks to demonstrate that our holding today will cause inconsistent and unfair application of various tax statutes. We have not attempted, nor do we see the necessity, to give a detailed explanation of the workings of R. C. 5711.24 to 5711.31. Hence, many of appellant's questions are not answered here. We are satisfied, nonetheless, that our judgment is in accord with the statutory scheme set out in R. C. Title 57.

Finally, appellant has cited two cases which allegedly support its position—*Pittsburgh Steel Co.* v. *Bowers* (1961), 172 Ohio St. 14, 173 N. E. 2d 361, and *Welsh* v. *Kosydar* (1973), 37 Ohio App. 2d 115, 308 N. E. 2d 462. Both cases are distinguishable, inasmuch as the preliminary assessments involved in both were not of the class described by the first sentence of R. C. 5711.31, and were not, therefore, governed by that statute. In addition, we observe that any statements made by the Court of Appeals in *Welsh* v. *Kosydar, supra,* contrary to our judgment today, have no force or effect.

The decision of the Board of Tax Appeals, being reasonable and lawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.