MICHELIN TIRE CORPORATION, APPELLANT, *v.* KOSYDAR. TAX COMMR., APPELLEE.

[Cite as Michelin Tire Corp. v. Kosydar
(1975), 45 Ohio App. 2d 107.]

(2) A taxpayer may not appeal to the Board of Tax Appeals from a preliminary assessment certificate issued

(No. 33964—Decided August 21, 1975.)

*Mr. Shelby V. Hutchins,* for appellant.
*Mr. William J. Brown,* Attorney General, for appellee.

KRENZLER, C. J. This is an appeal from the Ohio Board of Tax Appeals' decision dismissing the appellant's appeal for lack of jurisdiction because there was no final determination by the tax commissioner which would vest jurisdiction in it as required by R. C. 5717.02. The facts in this case are as follows.

On January 5, 1973, the Ohio Department of Taxation issued a preliminary assessment certificate of taxable personal property to the appellant, Michelin Tire Corporation, in which it levied additional personal property taxes for the years 1971 and 1972. This appeal is concerned only with taxes of $52,041.66 for the year 1972. On January 16, 1973, the appellant sent a letter to the Board of Tax Appeals protesting the 1972 assessment and requesting a redetermination of its 1972 taxes. The Board of Tax Appeals dismissed the matter on motion of the appellee, the tax commissioner of Ohio, on grounds of lack of jurisdiction. Specifically, the Board held that it had no jurisdiction because the assessment certificate was preliminary in nature and the appeal was not taken from a final determination by the tax commissioner as required by R. C. 5717.02.

On February 27, 1974, well beyond the thirty days required for filing an application for review and redetermination by the tax commissioner pursuant to R. C. 5711.31, the appellant sent a letter to the tax commissioner requesting him to make a final assessment of its personal property for the tax year 1972 pursuant to R. C. 5711.26.

In its letter the taxpayer noted that there were several issues raised which involved constitutional questions that may have been cases of first impression. The taxpayer noted that because of the procedural objections raised by the state it was prevented from obtaining a determination on the merits for the years 1970, 1971 and 1972. The taxpayer further requested the tax commissioner to exercise his discretionary authority to make a final assessment of the taxpayer's 1972 return and specifically noted that the issues raised in this case would eventually be tested in an audit of the 1973 tax year and if successful, it would then file a claim for refund. After receiving no response from the commissioner, the appellant's attorney talked by phone with him, and then sent another letter again requesting a final 1972 personal property tax assessment.

On April 11, 1974, James A. Witzel, Chief of the Property Tax Division of the Ohio Department of Taxation, forwarded a letter to the appellant in which he stated in substance that a final assessment as requested by it was not appropriate in view of the previous assessment action taken on the subject return. This letter was not journalized. On May 9, 1974, the appellant, believing that either the letter from the Chief of the Property Tax Division or the tax commissioner's refusal to otherwise act constituted a final determination by the tax commissioner under R. C. 5717.02, filed a notice of appeal with the Board of Tax Appeals.

On June 14, 1974, the tax commissioner filed a motion to dismiss the appeal. On July 30, 1974, the Board of Tax Appeals dismissed the appeal, holding that it lacked jurisdiction to hear the matter because there was no final determination by the tax commissioner vesting jurisdiction in it as required by R. C. 5717.02. The Board held that the

letter from the Chief of the Property Tax Division forwarded to the appellant on April 11, 1974 did not constitute a final determination of the tax commissioner, citing the case of *Hileman* v. *Evatt* (1943), 142 Ohio St. 175. That case held that where there was no showing that an employee of the Department of Taxation had authority to act for the tax commissioner and also where a letter written by such employee had not been made the subject of a journal entry there was no final order of the tax commissioner.

The appellant has appealed the decision of the Board of Tax Appeals to this court, assigning three errors:

I. The Board of Tax Appeals erred in finding that it did not have jurisdiction under the provisions of §5717.02 of the Ohio Revised Code to hear and consider the appeal filed by appellant.

II. The Board of Tax Appeals erred in finding that the letter under date of April 11, 1974, sent to taxpayer was not a final determination of the tax commissioner, and thus appealable to the Board of Tax Appeals within thirty days after the finality attached.

III. The Board of Tax Appeals erred in finding that the failure or refusal of the tax commissioner to issue a final assessment as demanded by the taxpayer under the provisions of §5711.26 of the Ohio Revised Code is not a final determination of the tax commissioner and thus appealable to the Board of Tax Appeals within thirty days after such refusal.

The problem of the appellant taxpayer in this case is best illustrated by a statement of former Ohio tax commissioner C. Emory Glander:

"For taxpayers and practitioners alike administrative requirements and procedures in taxation often constitute a hazardous maze. Many tax cases have been summarily dismissed because of failure to comply with some mandatory procedural requirement of the statutes. This is not only a distressing experience for the tax litigant and his representative, but it is often equally unsatisfactory to the tax official."[1]

---

[1] Tax Administration and Procedure in Ohio, 11 Ohio St. L. J. 127.

In order to understand the issues in this case; the procedure to be followed by a taxpayer when disputing a preliminary assessment certificate of the tax commissioner; and the relationship of R. C. 5711.26 and 5711.31 it will be necessary to discuss some of the relevant statutes contained in R. C. Chapter 5711.

Initially, each taxpayer is required to file a personal property tax return annually with the county auditor of each county in which any taxable property, which the taxpayer must return, is required to be listed. R. C. 5711.02. The return must be filed between February 15 and April 30, or within the period of a duly obtained extension of time. R. C. 5711.04. The filing of a return by a taxpayer with the county auditor is deemed to be a preliminary assessment of the taxable property contained in such return when it is entered on the proper duplicate by the county auditor. R. C. 5711.24.

The tax commissioner has the duty to assess all taxable property, except certain property listed in returns which the county auditor is required to assess as the tax commissioner's deputy. R. C. 5711.24. When a taxpayer's books and records are examined and his personal property tax return is audited by the commissioner and an understatement of tax is shown, the commissioner will make an amended assessment which is evidenced by a preliminary or final assessment certificate, R. C. 5711.24 and R. C. 5711.-26. Preliminary assessment certificates may be modified or amended by the commissioner at any time before they become final.

When the assessor (either the tax commissioner or a county auditor) assesses any property not listed in the taxpayer's return or when he assesses any listed item in excess of the amount it was listed at, he must give notice of this preliminary assessment action to the taxpayer by mail. The taxpayer then has thirty days from the mailing of the notice to make a written application to the tax commissioner for review and redetermination of the assessment so made. R. C. 5711.31. An administrative hearing is then held and the commissioner either corrects the prelim-

inary assessment or affirms it by the issuance of a certificate of determination. R. C. 5711.31.

Under R. C. 5711.26, the tax commissioner is empowered to make certain final assessments. R. C. 5711.26 gives the commissioner the discretion to make a final assessment, in lieu of issuing a preliminary assessment certificate and then affording the taxpayer an opportunity for a review and redetermination pursuant to R. C. 5711.24 and R. C. 5711.31 before the assessment becomes final.

In addition the commissioner has authority to remit or refund taxes or assessments that have been illegally or erroneously assessed or collected or for any other reason overpaid. A person who claims to have overpaid his taxes within the last five years may make an application to the commissioner who must investigate the facts and make a written statement of his findings, which shall be entered on the journal of the commissioner and which will be considered a final determination of the commissioner, R. C. 5703.05(B). *Fifth Third Union Trust Co.* v. *Glander* (1946), 46 Ohio Law Abs. 625 (Board of Tax Appeals).

Each preliminary assessment certificate becomes final by operation of law under R. C. 5711.25, the statute of limitations, on the second Monday of August of the second year after the filing of a return with the county auditor or after a certification of the preliminary assessment certificate unless one of the following occurs prior to the expiration of said period or extended period: (1) the commissioner issues a final assessment certificate pursuant to R. C. 5711.26; (2) the taxpayer has waived the time limitation and consented to the issuance of his final assessment certificate after the expiration of the time limit; or (3) an application for review and redetermination of the assessment has been filed pursuant to R. C. 5711.31.

An additional assessment may not be made by the commissioner as to any items listed on the taxpayer's return after the statute of limitations has run and an assessment becomes final by operation of law under R. C. 5711.25, nor is such a final assessment a final determination from which the taxpayer may take an appeal to the Board of

Tax Appeals. *Michelin Tire Corp.* v. *Kosydar* (1974), 38 Ohio St. 2d 254.

The tax commissioner must maintain a journal which is open to public inspection in which he shall keep a record of all actions taken by him relating to assessments and the reasons therefore. R. C. 5703.05(M). Journalized final assessments under R. C. 5711.26 journalized decisions of the commissioner on applications for review and redetermination under R. C. 5711.31, and journalized statements of the commissioner's findings regarding applications for refunding of taxes allegedly overpaid under R. C. 5703.05 (B) are final determinations and therefore appealable to the Board of Tax Appeals under R. C. 5717.02. Such appeals shall be taken by the filing of a written notice with the Board of Tax Appeals and the commissioner within thirty days after notice of the commissioner's final determination. Further proceedings to obtain a reversal, vacation or modification of a decision of the Board of Tax Appeals shall be by appeal to the Ohio Supreme Court or the appropriate Court of Appeals as provided for in R. C. 5717.04.

We will now discuss the appellant's three assignments of error, which concern themselves with one basic issue: whether the Board of Tax Appeals had jurisdiction to hear this case.

## I.

In its first assignment of error, appellant argues that the Board of Tax Appeals erred in holding that there was no final determination of the tax commissioner vesting jurisdiction in the Board to hear the case. We find this assignment of error to be without merit.

R. C. 5717.02 requires a final determination of the tax commissioner in order to vest jurisdiction in the Board of Tax Appeals. As noted above there are three principal ways in which such a final determination comes into existence. The first is by assessment, issuance of a preliminary assessment certificate, application by the taxpayer for review and redetermination of the commissioner and then a final determination by the commissioner. R. C. 5711.24 and R. C. 5711.31. The second is by issuance of a journalized

final assessment certificate by the commissioner in lieu of the foregoing procedure. R. C. 5711.26. The third is when the commissioner journalizes his statement of findings pursuant to an application claiming overpayment of taxes under R. C. 5703.05(B).

In this case the appellant attempted to appeal from the preliminary assessment certificate that it had received on January 5, 1973 directly to the Board of Tax Appeals without first seeking a review and redetermination by the commissioner as required by R. C. 5711.31. When the appellant received the preliminary assessment certificate levying taxes on personal property additional to that which it had reported on its 1972 tax return, it should have applied to the tax commissioner for a review and redetermination of such preliminary assessment within thirty days of the date of the mailing of notice of such assessment under R. C. 5711.31. This is a mandatory requirement and a condition precedent to obtaining a final determination of the commissioner. A taxpayer must exhaust this administrative remedy before he can take an appeal to the Board of Tax Appeals.

The commissioner's decision, made in response to a properly filed application for review and redetermination pursuant to R. C. 5711.31, is the "final determination" which, under the language of R. C. 5717.02, is appealable to the Board of Tax Appeals. The appellant's failure to file an application with the commissioner for a review and redetermination under R. C. 5711.31 within the thirty day period allowed by the statute was crucial. See *Michelin Tire Corp. v. Kosydar* (1974), 38 Ohio St. 2d 254.

It is to be noted further that there was no "final determination" made by the commissioner in this case pursuant to either R. C. 5711.26 or R. C. 5703.05(B). A more detailed discussion relative to these code sections follows later in this opinion. Since there was no final determination by the commissioner, the Board of Tax Appeals was correct in dismissing the case for lack of jurisdiction.

II.

In its second assignment of error, the appellant con-

tends that the April 11, 1974 letter from the Chief of the Property Tax Division constituted a final order of the tax commissioner under R. C. 5711.26. We do not agree; we hold that this assignment of error is not well taken.

No evidence was presented in this case to show that the Chief of the Property Tax Division of the Ohio Department of Taxation was authorized to issue final orders on behalf of the tax commissioner. Secondly, R. C. 5703.05 (M) requires the commissioner to journalize all actions taken by him relating to assessments. Further, there is no evidence before us that the Chief of the Property Tax Divisions' letter was ever reduced to a final assessment and journalized as such by the commissioner pursuant to R. C. 5711.26. Only the issuance and journalization of a final assessment under R. C. 5711.26 constitutes a "final determination" by the commissioner which may be appealed to the Board of Tax Appeals. See R. C. 5717.02. We agree with the Board of Tax Appeals that the letter was not a final order.

### III.

In its third assignment of error, the appellant contends that R. C. 5711.26 provides an alternative means of appealing the determination of the tax commissioner with respect to a personal property tax liability. The appellant further contends that the Ohio Legislature did not by means of R. C. 5711.26 invest the commissioner with unfettered discretion to determine whether or not to issue final assessment certificates requested by taxpayers.

In this case as noted above the appellant did not timely file an application for review and redetermination after the commissioner proposed an additional assessment and thus it lost its right to appeal. The appellant now seeks a final determination by the commissioner under R. C. 5711.26 in order to appeal the additional assessment to the Board of Tax Appeals. The appellant cannot do this. When the preliminary assessment certificate was issued the appellant had thirty days to ask for a review and redetermination by the commissioner. When it did not act, the appellant lost its right to appeal. The appellant cannot now

attempt to force the commissioner to make a final determination under R. C. 5711.26 and then take an appeal from that determination under R. C. 5717.02. The taxpayer cannot employ R. C. 5711.26 as an alternative procedure once having failed to perfect a timely appeal under R. C. 5711.-31. *Leimbach* v. *Evatt* (1943), 141 Ohio St. 191.

R. C. 5711.26 is not an alternative remedy available to the taxpayer. The remedy by way of appeal from a preliminary assessment certificate under R. C. 5711.24 is provided for in R. C. 5711.31. The remedy by way of appeal from a final determination by the commissioner under R. C. 5711.26 is to the Board of Tax Appeals as provided for in R. C. 5717.02. However the taxpayer cannot successfully demand that the commissioner make a final determination under R. C. 5711.26.

R. C. 5711.26 is a vehicle to be used by the commissioner to make final assessments (final determination) at his discretion. The commissioner cannot be placed into the position of being required to make a final determination upon every demand by a taxpayer. This is especially so when a taxpayer did not file a timely application for review and redetermination after a preliminary assessment was made. The purpose of R. C. 5711.26 is not to provide the taxpayer with an alternative method for obtaining a final determination.

The language of R. C. 5711.26 specifically states that the tax commissioner "may" finally assess not that he "must" finally assess. Further, the Ohio Supreme Court has held that R. C. 5711.26 is "permissive and not mandatory." *Willys-Overland Motors, Inc.,* v. *Evatt* (1943), 141 Ohio St. 402, and *Sherbrook Distributing Co.* v. *Evatt* (1942), 37 Ohio Law Abs. 89. Nothing in the statute specifically requires the commissioner to make a final determination.

The *Willys-Overland Motors* case, *supra,* holds that the purpose of a final assessment certificate issued by the tax commissioner pursuant to R. C. 5711.26 is to correct any error or omission which the taxing authorities have discovered or allowed in a preliminary certificate. Further, there

is no requirement that the tax commissioner issue a final assessment certificate whenever asked to do so by a taxpayer because it is not feasible administratively. See *Willys-Overland Motors, Inc.*, v. *Evatt, supra,* at p. 410. It is hardly possible for the commissioner to review and finally assess each and every tax return. When a taxpayer files a tax return and no additional assessment is made, the assessment as provided for in the return becomes final pursuant to R. C. 5711.25 which is the statute of limitations.

If an additional preliminary assessment is made pursuant to R. C. 5711.24, the taxpayer may file an application for review and redetermination by the commissioner pursuant to R. C. 5711.31. The commissioner's decision on the application will then be a final determination by him. If the taxpayer is not satisfied with the tax commissioner's final determination, he may take an appeal to the Board of Tax Appeals under R. C. 5717.02.

Also, the commissioner has the discretion to make a final determination under R. C. 5711.26 rather than go through the procedure of a preliminary assessment certificate and then a review and redetermination under R. C. 5711.24 and R. C. 5711.31. If the taxpayer is not satisfied with the commissioner's final determination made pursuant to R. C. 5711.26, he may appeal directly to the Board of Tax Appeals under R. C. 5717.02.

The taxpayer may attempt to invoke the provisions of R. C. 5711.26 by making a demand on the commissioner that he make a final assessment. Whether the commissioner will make such a final assessment is a matter within his discretion. Also, the failure of or the mere refusal by the commissioner to make a final assessment under R. C. 5711.26 after demand by the taxpayer is not considered a final determination which may be appealed to the Board of Tax Appeals under R. C. 5717.02.[2]

However, if the tax commissioner exercises his discretion under R. C. 5711.26 and does act either on his own

---

[2]See *Welsh* v. *Kosydar* (1973), 37 Ohio App. 2d 115, which holds to the contrary.

volition or on demand of a taxpayer and does issue a final assessment and journalizes this action, whether it increases or decreases the tax or provides for no change from the tax shown on the taxpayer's return, it is considered a final determination and an appeal will lie. *Pittsburgh Steel* v. *Bowers* (1961), 172 Ohio St. 14; *Niles Bank* v. *Evatt* (1945), 145 Ohio St. 179. If the action or refusal to act by the commissioner is not considered a journalized final assessment under R. C. 5711.26, it is not an appealable final determination under R. C. 5717.02.

Our ruling, which holds that the provisions of R. C. 5711.26 are discretionary regarding whether or not the the commission will issue a final assessment certificate on demand of the taxpayer, does not prejudice taxpayers generally because a taxpayer who believes that his taxes were paid illegally or erroneously may make an application for a refund under R. C. 5703.05(B). Under this statute the commissioner must make an investigation and a written statement of his findings which must be journalized and which is then considered a final determination from which an appeal may be taken.

The appellant herein is especially not prejudiced by this ruling regarding R. C. 5711.26 because after it filed its personal property tax return for 1972, it was examined by the tax commissioner, it was issued a preliminary assessment certificate by the commissioner and it was given an opportunity to take an administrative appeal by filing an application for review and redetermination which it did not do. Under these facts, the taxpayer cannot now complain that the commissioner abused his discretion by not issuing a final assessment certificate under R. C. 5711.26. Further, applying the principles of *res adjudicata,* the refund provision of R. C. 5703.05(B) may not be used as a substitute for appeal if the issues raised in the preliminary assessment certificate are the same as those to be raised in the refund claim; unless in the interim there had been a determination that the taxes collected as a result of the preliminary assessment certificate were illegally or erroneously assessed or collected or for any other reason over-

paid. *Niles Bank* v. *Evatt, supra; Ohio Bell Telephone Co.* v. *Evatt* (1943), 142 Ohio St. 254.

Under the present state of the record, the taxpayer is attempting to use R. C. 5711.26 as a substitute for an appeal and this it cannot do. It is also noted that in the case of *Niles Bank* v. *Evatt, supra,* which was not cited by either party, the taxpayer filed a personal property tax return for the year 1941. Thereafter the tax commissioner issued a preliminary assessment certificate to the taxpayer and no application for review and redetermination was made and no appeal taken to the Board of Tax Appeals. The taxes as assessed by the tax commissioner for the year 1941 were paid under protest. Thereafter the taxpayer wrote a letter to the tax commissioner which read as follows: "We have been informed that according to a recent decision that 'hypothecated deposits' were declared non-taxable. * * *" The taxpayer then made a request for a refund. The tax commissioner considered this letter as an application for the issuance of a final assessment and a certificate of abatement and upon consideration determined that he was without jurisdiction to issue the final assessment and certificate of abatement.[3] An appeal from that finding was perfected to the Board of Tax Appeals which held that it had jurisdiction and reversed the finding and order of the tax commissioner and ordered him to issue a certificate of abatement for the year 1941. The Supreme Court stated on page 185 that the Board of Tax Appeals was correct in holding that the tax commissioner had jurisdiction to hear and determine the applications for abatement and refund.

The *Niles Bank* case is distinguishable from the present case in that in the *Niles Bank* case the taxpayer alleged in his letter to the commissioner that according to recent decisions the items shown in the preliminary assessment certificate were subsequently declared as non-taxable and it sought a refund. In the present case the taxpayer does not make such allegations nor is there any evidence

---

[3]It is to be noted that in *Niles* the commissioner journalized this order.

that the items that the taxpayer is alleging as non-taxable have been determined as non-taxable since the time the preliminary assessment certificate was issued. *Pittsburgh Steel* v. *Bowers, supra.* The appellant is merely trying to use R. C. 5711.26 as a substitute for an appeal that it did not perfect under R. C. 5711.31.

The appellant was correct when it stated in its letter of February 27, 1974 that if this issue is resolved in favor of the taxpayer in a subsequent year, such as 1973, it can then file for a refund of taxes under R. C. 5703.05(B). This is conceded by the State on page 11 of its brief. See *Niles Bank* v. *Evatt, supra; Ohio Bell Telephone Co.* v. *Evatt, supra.* This possibility does not require the tax commissioner to exercise his discretion under R. C. 5711.26 and issue a journalized final assessment. The taxpayer will have to wait and if the foregoing event takes place, it can then invoke the refund provisions of R. C. 5703.05(B).

In the present case there was no final determination by the commissioner under R. C. 5711.26 or R. C. 5711.31 because neither the letter of Mr. Witzel nor the preliminary assessment certificate dated January 5, 1973 were final determinations by the commissioner. Consequently, the Board of Tax Appeals did not have jurisdiction and properly dismissed the appeal. The decision of dismissal by the Board of Tax Appeals is affirmed.

*Judgment affirmed.*

CORRIGAN and PARRINO, JJ., concur.