EVILSIZOR, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Evilsizor v. Tracy* (1995), 73 Ohio St.3d 297.]

(No. 94–1924—Submitted June 15, 1995—Decided August 23, 1995.)

298

*Daniel E. Evilsizor, pro se.*

*Betty D. Montgomery,* Attorney General, and *Lawrence B. Pratt,* Assistant Attorney General, for appellee.

---

*Per Curiam.* On September 8, 1993, appellant filed a notice of appeal with the BTA contesting the assessments made against him, and appealing the commissioner's certificate of final determination dated August 21, 1991. The commissioner filed a motion to dismiss appellant's appeal, contending that the notice of appeal was not filed with the BTA in a timely manner.

The appellant contends that his notice of appeal was filed in a timely manner because it was filed within thirty days of the second Monday of August of the second year after the forced assessments were made against him.

Appellant bases his contention upon his interpretation of R.C. 5711.25, which states that a personal property tax assessment becomes final on the second Monday of August of the second year after the filing of a return with the auditor. Appellant contends that the second year after the filing of the returns was 1993 and that the second Monday of August was August 9, 1993. Appellant's second step is to contend that R.C. 5717.02 gives him thirty days after the assessment became final to file his notice of appeal and, therefore, his September 8, 1993 notice of appeal was timely.

This same contention has been presented to this court before and has been rejected. Appellant's contention misconstrues both R.C. 5711.25 and 5717.02. Appellant's argument is essentially the same argument presented to this court in *Michelin Tire Corp. v. Kosydar* (1974), 38 Ohio St.2d 254, 257, 67 O.O.2d 326, 328, 313 N.E.2d 394, 396. The court in *Michelin Tire* pointed out that "[t]he effect of R.C. 5711.25 in finalizing assessment certificates is akin to a statute of limitations, and does not represent a 'final determination by the tax commissioner,' as those words are used in R.C. 5717.02."

In this case, appellant had filed for review and redetermination with the Tax Commissioner and the request had been denied. In the commissioner's letter of August 21, 1991 denying appellant's request for review and redetermination, the commissioner clearly stated that he was making a "final determination" and that the appeal period for that final determination was thirty days. However, there was no appeal filed by appellant within thirty days of the August 21, 1991 date of that final determination. There is no right of appeal from preliminary or amended preliminary assessments which "become final" solely by virtue of the passage of time under R.C. 5711.25. As the court stated in *Michelin Tire,* R.C. 5717.02 "provides for an appeal from a final determination of the commissioner, not from an assessment *per se.*" *Id.* at 255, 67 O.O.2d at 327, 313 N.E.2d at 395. In this case, appellant did not file a timely appeal from a final determination of the commissioner and, thus, the BTA had no jurisdiction to consider the appeal. *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93.

Consequently, the decision of the BTA in dismissing appellant's notice of appeal was neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.