[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 297.]

EVILSIZOR, APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Evilsizor v. Tracy*, 1995-Ohio-323.]

*Taxation—Personal property tax—Assessment—Appeal from determination of Tax Commissioner—Notice of appeal not filed with Board of Tax Appeals in a timely manner, when.*

(No. 94-1924—Submitted June 15, 1995—Decided August 23, 1995.)

APPEAL from the Board of Tax Appeals, No. 93-B-1034.

_____

{¶ 1} Appellant, Daniel E. Evilsizor, appeals from an order of the Board of Tax Appeals ("BTA") which dismissed his appeal. Appellant failed to file personal property tax returns for the years 1987, 1988, 1989 and 1990, and the Tax Commissioner made forced assessments against him for those years. Preliminary assessment certificates were issued against appellant under date of June 21, 1991 for the four years in question. Appellant sought a review and redetermination of the assessments in a letter to the commissioner dated August 5, 1991.

{¶ 2} On August 21, 1991, the commissioner issued a final determination in response to appellant's request for review and redetermination. The commissioner's final determination stated that he did not have jurisdiction to consider the request because it was not filed within the required thirty-day filing period. The commissioner mailed a copy of his final determination to appellant by certified mail on August 22, 1991, but the letter was returned marked unclaimed. The returned envelope showed that notices had been given to the addressee, on August 23, 1991 and August 29, 1991, and, finally, the letter was returned by the post office September 7, 1991. Appellant confirmed that the address, post office box and zip code shown on the letter sent to him were correct. The commissioner, on September 18, 1991, mailed appellant a copy of the August 21, 1991 final

determination by ordinary first class mail, and it was not returned. Appellant testified before the BTA that he had received the commissioner's final determination sometime after September 20, 1991.

{¶ 3} On September 8, 1993 appellant filed a notice of appeal with the BTA. Counsel for the commissioner filed a motion to dismiss on April 5, 1994, alleging that appellant's notice of appeal was filed beyond the thirty-day period set forth in R.C. 5717.02.

{¶ 4} The BTA, on April 27, 1994, following a hearing, granted the commissioner's motion to dismiss for lack of jurisdiction.

{¶ 5} This cause is before the court upon an appeal as a matter of right.

————————————

*Daniel E. Evilsizor, pro se.*

*Betty D. Montgomery,* Attorney General, and *Lawrence B. Pratt*, Assistant Attorney General, for appellee.

————————————

**Per Curiam.**

{¶ 6} On September 8, 1993, appellant filed a notice of appeal with the BTA contesting the assessments made against him, and appealing the commissioner's certificate of final determination dated August 21, 1991. The commissioner filed a motion to dismiss appellant's appeal, contending that the notice of appeal was not filed with the BTA in a timely manner.

{¶ 7} The appellant contends that his notice of appeal was filed in a timely manner because it was filed within thirty days of the second Monday of August of the second year after the forced assessments were made against him.

{¶ 8} Appellant bases his contention upon his interpretation of R.C. 5711.25, which states that a personal property tax assessment becomes final on the second Monday of August of the second year after the filing of a return with the auditor. Appellant contends that the second year after the filing of the returns was

1993 and that the second Monday of August was August 9, 1993. Appellant's second step is to contend that R.C. 5717.02 gives him thirty days after the assessment became final to file his notice of appeal and, therefore, his September 8, 1993 notice of appeal was timely.

{¶ 9} This same contention has been presented to this court before and has been rejected. Appellant's contention misconstrues both R.C. 5711.25 and 5717.02. Appellant's argument is essentially the same argument presented to this court in *Michelin Tire Corp. v. Kosydar* (1974), 38 Ohio St.2d 254, 257, 67 O.O.2d 326, 328, 313 N.E.2d 394, 396. The court in *Michelin Tire* pointed out that "[t]he effect of R.C. 5711.25 in finalizing assessment certificates is akin to a statute of limitations, and does not represent a 'final determination by the tax commissioner,' as those words are used in R.C. 5717.02."

{¶ 10} In this case, appellant had filed for review and redetermination with the Tax Commissioner and the request had been denied. In the commissioner's letter of August 21, 1991 denying appellant's request for review and redetermination, the commissioner clearly stated that he was making a "final determination" and that the appeal period for that final determination was thirty days. However, there was no appeal filed by appellant within thirty days of the August 21, 1991 date of that final determination. There is no right of appeal from preliminary or amended preliminary assessments which "become final" solely by virtue of the passage of time under R.C. 5711.25. As the court stated in *Michelin Tire,* R.C. 5717.02 "provides for an appeal from a final determination of the commissioner, not from an assessment *per se*." *Id*. at 255, 67 O.O.2d at 327, 394 N.E.2d at 395. In this case, appellant did not file a timely appeal from a final determination of the commissioner and, thus, the BTA had no jurisdiction to consider the appeal. *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St.147, 34 O.O. 8, 70 N.E.2d 93.

**{¶ 11}** Consequently, the decision of the BTA in dismissing appellant's notice of appeal was neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER AND COOK, JJ., CONCUR.

————————————